UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR,
CARLOS DIAZ (individually), SIRENITA LOUNGE, INC.,          Index No.:
AMAURIS COLLADO MARTINEZ (individually),
EL MANABITA SPORTS RESTAURANT, INC.
d/b/a EL MANABITA, ARACELIS GONZALEZ (individually),
LA ISLA DEL TESORO BAR RESTAURANT, INC. and
LAURA M. ALVARRACIN (individually) *and on behalf of*          **COMPLAINT**
*others similarly situated,*

Plaintiff(s)

v.

THE VILLAGE OF OSSINING, THE TOWN OF OSSINING,
VILLAGE OF OSSINING POLICE DEPARTMENT,
CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN
BRENDAN DONOHUE, DETECTIVE ADDISON CHAVEZ,,
SERGEANT JAFETH CHAVEZ and JOHN DOES 1 -10 (the
name "John Doe" being fictitious, as the true names are presently
unknown), in their individual and in their official capacities as
Village of Ossining Police Officers, STUART KAHAN, ESQ.,
in his capacity as CORPORATION COUNSEL,  RIKA LEVIN,
Individually and as Mayor of the Village of Ossining; MANUEL
QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA
WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-
TAWILL, GREGORY MEYER, ANGELO MANICCHIO,
MATTHEW WEISS, in their capacity as Board  Members/Trustees
of the Town and/or Village of Ossining, SUSANNE DONNELLY,
Individually and in her capacity as CLERK, KAREN D'ATTORE,
Individually and in her capacity as VILLAGE MANAGER and
NEW YORK STATE LIQUOR AUTHORITY
.
Defendant(s)
---------------------------------------------------------------------------------X

**COMPLAINT FOR 'DECLARATORY RELIEF' AND 'PERMANENT INJUNCTIVE
RELIEF' AS WELL AS MONETARY DAMAGES**

Plaintiff(s), DIAZ  RESTAURANT,  INC.  d/b/a  ATLANTIC  BAR,  CARLOS  DIAZ

1

(individually), SIRENITA LOUNGE, INC., AMAURIS COLLADO MARTINEZ (individually), EL

MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA, ARACELIS GONZALEZ

(individually),   LA ISLA DEL TESORO BAR RESTAURANT, INC. and LAURA M.

ALVARRACIN (individually) *and on behalf of others similarly situated* (hereinafter collectively

referred to as the Plaintiff(s)), though their attorney, Marcote & Associates, P.C., upon knowledge

and belief, and as against the defendant(s),THE VILLAGE OF OSSINING, THE TOWN OF

OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT, CHIEF OF POLICE KEVIN

SYLVESTER, CAPTAIN BRENDAN DONOHUE, DETECTIVE ADDISON CHAVEZ,

SERGEANT JAVETH CHAVEZ and  JOHN DOES 1 -10, Individually and in their official

capacities as Police Officers with the Village of Ossining Police Department, STUART KAHAN,

ESQ., in his capacity as CORPORATION COUNSEL, OSSINING VILLAGE MAYOR RIKA

LEVIN, Individually and in her official capacity as Mayor,  MANUEL QUEZADA, ROBERT

FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-

TAWILL, GREGORY MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity

as Board Members/Trustees of the Town and/or Village of Ossining, and SUSANNE DONNELLY,

Individually and in her capacity as CLERK, KAREN D'ATTORE, Individually and in her capacity

as VILLAGE MANAGER  and the NEW YORK STATE LIQUOR AUTHORITY (hereinafter

collectively referred to as the Defendant(s)), respectfully will show to this Court and allege that the

Plaintiff(s) have been deprived of their civil rights and has sustained serious injury as a result of the

deprivations of their civil rights.

## PRELIMINARY STATEMENT

1.      This is a civil action brought by the Plaintiff(s) in order to obtain 'Declaratory and

Injunctive Relief', including a temporary restraining order, restraining the Defendant(s) from violating the Plaintiff(s) 'Civil Rights' through a pattern and practice of the defendant(s), THE VILLAGE OF OSSINING, THE TOWN OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT, CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN BRENDAN DONOHUE, DETECTIVE ADDISON CHAVEZ, SERGEANT JAVETH CHAVEZ and  JOHN DOES 1 -10, Individually and in their official capacities as Police Officers with the Village of Ossining Police Department, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, OSSINGING VILLAGE MAYOR RIKA LEVIN, Individually and in her official capacity as Mayor, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN, JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members/Trustees of the Town and/or Village of Ossining, and SUSANNE DONNELLY, Individually and in her capacity as CLERK, KAREN D'ATTORE, Individually and in her capacity as VILLAGE MANAGER  and the NEW YORK STATE LIQUOR AUTHORITY, in violation of the Plaintiff(s) rights, privileges, and immunities secured by the  Civil Rights Act of 1871,  *as amended*, codified as 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(d), *et seq.* ("Title VI"), and the Constitution and laws of the State of New York,, discriminating on the basis of the national origin of the individual Defendant(s) and principals of the Corporate Defendant(s) and their

right to assembly peaceably and damages resulting from the unconstitutional actions which have occurred.

2.      This country prohibits all public officials, including police officers, from discriminating against people on the basis of race. The VILLAGE OF OSSINING, New York does not follow those principles of law. The VILLAGE OF OSSINING POLICE DEPARTMENT operates within a culture of corruption and lawlessness, daily and habitually subjecting Latino, Central American and/or Hispanic citizens and business owners to harassment, in violation of their constitutional rights.

3.      Under the leadership of Defendants, CHIEF OF POLICE KEVIN SYLVESTER and CAPTAIN BRENDAN DONAHUE, the VILLAGE OF OSSINING POLICE DEPARTMENT have violated Latino and/or Hispanic citizens' constitutional rights for at least one year and continues to do so today.

4.      Throughout 2022 and continuing to the date of this complaint, Plaintiff(s) and other Latino, Central American and/or Hispanic Ossining citizens and business owners have been harassed, forced to undergo baseless searches and seizures of their businesses and retaliated against for voicing concerns and complaints.

5.      These plaintiff(s), Latino, Central American and/or Hispanic Ossining citizens and business owners, are a protected group and seek to have this Court guarantee their right to equal protection and due process of the laws of this nation, to be free of unreasonable search and seizure, to be free from retaliation for exercising their protected First Amendment rights, and to operate their businesses in the Town/Village of Ossining without unlawful interference.

4

6.     The evidence in this case reflects a continuous pattern of the VILLAGE OF OSSINING POLICE DEPARTMENT's harassment, coercion and threatening conduct of Plaintiffs and other Latino, Central American and/or Hispanic Ossining citizens who were engaging in lawful business activities, or otherwise living out this nation's simple promise of "life, liberty, and the pursuit of happiness".

7.     The acts and conduct of the VILLAGE OF OSSINING POLICE DEPARTMENT, as described below, have not been directed toward enforcing any valid law of the State of New York or furthering any legitimate policy of the State of New York, but have been for the purpose of and have had the effect of preventing and discouraging Latino and/or Hispanic citizens from exercising their constitutional rights of citizenship.

8.     In addition, the VILLAGE OF OSSINING POLICE DEPARTMENT'S widespread constitutional abuses have flourished as a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented and enforced by the VILLAGE OF OSSINING , CHIEF OF POLICE KEVIN SYLVESTER and CAPTAIN BRANDON DONAHUE.  The VILLAGE OF OSSINING, TOWN OF OSSINING, CHIEF OF POLICE KEVIN SYLVESTER, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, Individually and as Mayor of the Village of Ossining, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and

SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE, in her capacity as VILLAGE MANAGER have acted with deliberate indifference to the constitutional rights of the Plaintiff(s)', and others similarly situated, by (a) failing to properly screen, train and supervise VILLAGE OF OSSINING POLICE DEPARTMENT Officers, (b) inadequately monitoring VILLAGE OF OSSINING POLICE DEPARTMENT Officers and their restaurant and bar search practices, (c) failing to sufficiently discipline VILLAGE OF OSSINING POLICE DEPARTMENT Officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the VILLAGE OF OSSINING POLICE DEPARTMENT'S unconstitutional practices.

9.    The named Plaintiff(s) seek to represent a certified class for the purpose of obtaining injunctive and declaratory relief only.  The named Plaintiff(s) seek a class-wide judgment declaring the policies, practices and/or customs described herein violate the Fourth and Fourteenth Amendments and a class-wide injunction enjoining Defendants from continuing such policies, practices and/or customs.  In addition, the named Plaintiff(s) seek compensatory and punitive damages for themselves.  All Plaintiffs seek an award of attorneys' fees and costs and such other relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346(a)(2) and (b)(2), 1361, 2201 and 2202.  The jurisdiction of the Court to grant injunctive relief is conferred upon the Court by Rules 57 and 65 of the Federal Rules

of Civil Procedure and by 28 U.S.C. §§ 2201 and 2202.

11.   Furthermore, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331, over

claims arising under 28 U.S.C. § 1983.

12.   Venue is proper in the United State District Court for the Southern District of New

York, under 28 U.S.C. § 1391(b), because that is the judicial district in the

Plaintiff(s)' claims arose and in which the Defendant(s) conduct business.

## PARTIES

13.   At all times hereinafter mentioned, plaintiff, DIAZ RESTAURANT, INC. d/b/a

ATLANTIC BAR, was and is a domestic business corporation duly organized and

existing under the laws of the State of New York with a business address at 84

Croton Avenue, Ossining, County of Westchester, State of New York, with the

capacity to sue and be sued in this Court and in any Court of competent jurisdiction.

14.   The plaintiff, DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR,, operates as a

restaurant/bar licensed to sell alcohol and food. This Plaintiff has less than five

hundred (500) employees; this Plaintiff's place of business is within the United States

of America and has been in operation since December of 2014.

15.   Plaintiff, CARLOS DIAZ, is the sole principal of plaintiff, DIAZ RESTAURANT,

INC. d/b/a ATLANTIC BAR, and is a resident of the County of Westchester, State

of New York. It is these Plaintiff(s) who have been sized and restrained from

exercising their constitutional right as more fully expounded herein.

16.   At all times hereinafter mentioned, plaintiff, SIRENITA LOUNGE, INC., was and

is a domestic business corporation duly organized and existing under the laws of the

State of New York with a business address at 12 Croton Avenue, Ossining, County of Westchester, State of New York, with the capacity to sue and be sued in this Court and in any Court of competent jurisdiction.

17.     Plaintiff, AMAURIS COLLADO MARTINEZ, is the sole principal of plaintiff, SIRENITA LOUNGE, INC., and is a resident of the County of Westchester, State of New York. It is these Plaintiff(s) who have been sized and restrained from exercising their constitutional right as more fully expounded herein.

18.     At all times hereinafter mentioned, plaintiff,  EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA,, was and is a domestic business corporation duly organized and existing under the laws of the State of New York with a business address at 107 Main Street, Ossining, County of Westchester, State of New York, with the capacity to sue and be sued in this Court and in any Court of competent jurisdiction.

19.     Plaintiff, ARACELIS GONZALEZ, is the sole principal of plaintiff, EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA,, and is a resident of the County of Westchester, State of New York. It is these Plaintiff(s) who have been sized and restrained from exercising their constitutional right as more fully expounded herein.

20.     At all times hereinafter mentioned, plaintiff, LA ISLA DEL TESORO BAR RESTAURANT, INC., was and is a domestic business corporation duly organized and existing under the laws of the State of New York with a business address at 150 Main Street, Ossining, County of Westchester, State of New York, with the capacity

to sue and be sued in this Court and in any Court of competent jurisdiction.

21.     Plaintiff, LAURA M. ALVARRACIN, is the sole principal of plaintiff, LA ISLA DEL TESORO BAR RESTAURANT, INC., and is a resident of the County of Westchester, State of New York.  It is these Plaintiff(s) who have been sized and restrained from exercising their constitutional right as more fully expounded herein.

22.     Defendant, THE VILLAGE OF OSSINING, is a municipal corporation organized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

23.     Defendant, THE VILLAGE OF OSSINING, operates the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, and is ultimately responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers.  Defendant, THE VILLAGE OF OSSINING, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT.

24.     Defendant, TOWN OF OSSINING, was and still is a municipal corporation organized and existing under and by the Laws of the State of New York.  It conducts business within the Court of Westchester.

25.     Defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, is an agency of the Defendant, THE VILLAGE OF OSSINING, and charged with and responsible for appointing and promoting the members within its Department and for the

supervision, training, instruction, discipline, control and conduct of the Police Department and its personnel. At all relevant times, Defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, had the power, right and duty to control the manner in which its police officers carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Police Department were consistent with the Constitution and the laws of the municipality.

26.     Defendant, CHIEF OF POLICE KEVIN SYLVESTER, was at times relevant to the incidents which are the subject of this lawsuit, the Chief of Police for the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. As such, he is the responsible party for supervising, training, instruction, discipline, control and conduct of the Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons, as well as treatment of persons in police custody. He also has the authority to approve all weapons to be used by members of the Police Department. He is sued both individually and in his official capacity. Upon information and belief, defendant CHIEF OF POLICE KEVIN SYLVESTER is a resident of the County of Westchester, State of New York.

27.     Defendant, CAPTAIN BRENDAN DONOHUE, was at all times relevant to the incidents which are the subject of this lawsuit, a Captain Police Officer of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course

of his employment for the Defendant, THE VILLAGE OF OSSINING and defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. Upon information and belief, Defendant, CAPTAIN BRENDAN DONOHUE, is a resident of the County of Westchester, State of New York. Defendant, CAPTAIN BRENDAN DONOHUE is being sued in his individual and official capacity.

28      Defendant, DETECTIVE ADDISON CHAVEZ, was at all times relevant to the incidents which are the subject of this lawsuit, a Detective of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the Defendant, THE VILLAGE OF OSSINING and defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. Upon information and belief, Defendant, DETECTIVE ADDISON CHAVEZ, is a resident of the County of Westchester, State of New York. Defendant, DETECTIVE ADDISON CHAVEZ is being sued in his individual and official capacity.

29.     Defendant, SERGEANT JAFETH CHAVEZ, was at all times relevant to the incidents which are the subject of this lawsuit, a Sergeant of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the Defendant, THE VILLAGE OF OSSINING and defendant, VILLAGE OF OSSINING POLICE DEPARTMENT. Upon information and belief, Defendant, SERGEANT JAFETH CHAVEZ, is a resident of the County of Westchester, State of New York. Defendant, SERGEANT JAFETH CHAVEZ is

11

being sued in his individual and official capacity.

30.     Defendants, JOHN DOE 1 through JOHN DOE 10 (collectively the hereinafter referred to as "officer-defendants") are and were at all relevant times herein, officers, employees, servants and agents of the Defendant, THE VILLAGE OF OSSINING and defendant, VILLAGE OF OSSINING POLICE DEPARTMENT.

31.     JOHN DOE 1 through JOHN DOE 10, are not currently known to Plaintiff(s) but are believed to be involved in the incident giving rise to the claim.  Upon the officer-defendants identity being determined, Plaintiff(s) will advise the Court of same.

32.     The officer-defendants are being sued in their individual and official capabilities.

33.     At all times relevant herein, defendant(s), CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT.

34.     Defendant(s), CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN BRENDAN

DONOHUE and JOHN DOE 1 through JOHN DOE 10, acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of all of the Plaintiff(s)' 'Civil Rights'.

35. That at all times hereinafter mentioned, defendant, STUART KAHAN, ESQ., was and remains Corporation Counsel for the Town and/or Village of Ossining.

36. That at all time relevant herein, defendants, RIKA LEVIN,  was at all times relevant to the incidents which are the subject of this lawsuit, Mayor of the Village of Ossining.   The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course of her Mayoral duties for defendant, VILLAGE OF OSSINING.  Upon information and belief, Defendant, RIKA LEVIN, is a resident of the County of Westchester, State of New York. Defendant, RIKA LEVIN  is being sued in her individual and official capacity.

37. That at all times relevant herein, defendants, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ and DANA WHITE were and remain members of the Village and/or Town Board for the Village and/or Town of Ossining.

38. That at all times relevant herein, defendants, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO and MATTHEW WEISS, were or remain members of the Village and/or Town Board for the Village and/or Town of Ossining.

39. That at all times relevant herein, defendant, SUSANNE DONNELLY, was at all times relevant to the incidents which are the subject of this lawsuit, was or remains the Clerk of the Village and/or Town Board for the Village and/or Town of Ossining.

The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the Defendant, THE VILLAGE OF OSSINING.  Upon information and belief, Defendant, SUSANNE DONNELLY, is a resident of the County of Westchester, State of New York. Defendant, SUSANNE DONNELLY is being sued in his individual and official capacity.

41.    That at all times relevant herein, defendant, KAREN D'ATTORE, was at all times relevant to the incidents which are the subject of this lawsuit, was or remains the Manager of the Village and/or Town of Ossining. The acts of this Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the Defendant, THE VILLAGE OF OSSINING.  Upon information and belief, Defendant, KAREN D'ATTORE, is a resident of the County of Westchester, State of New York. Defendant, KAREN D'ATTORE is being sued in his individual and official capacity.

41.    At all relevant times, Defendant(s), CHIEF OF POLICE KEVIN SYLVESTER, LIEUTENANT BRENDAN DONOHUE, JOHN DOE 1 through JOHN DOE 10, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE in her capacity as Village Manager, were engaged in a joint venture, assisting each other in performing the

various actions described herein and lending their physical presence and support and authority of their offices to one another.

42. Defendant, NEW YORK STATE LIQUOR AUTHORITY, was and is a governmental agency established under the New York State Alcoholic Beverage Control Law and under this authority it has the power and authority to issue liquor licenses.

**CLASS ACTION ALLEGATIONS**

43. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the named Plaintiffs seek to represent a certified Plaintiff class consisting of all persons who have been or will be subjected by the VILLAGE OF OSSINING POLICE DEPARTMENT officers to Defendants' policy, practice and/or custom of searching and stopping their business activities in the absence of a reasonable, articulable suspicion that criminal activity is taking place, in violation of the Fourth Amendment, including persons stopped based on race and/or national origin, in violation of the Equal Protection Clause of the Fourteenth Amendment.

44. Joinder is inapplicable because, upon information and belief, many members of the class are not aware of the fact that their constitutional rights have been violated and that they have the right to seek redress in court. Many members of the class are without the means to retain an attorney to represent them in a civil rights lawsuit. Moreover, many class members who have been victimized by the VILLAGE OF OSSINING POLICE DEPARTMENT's unconstitutional practices do not bring individual claims for fear of retaliation and reprisal by VILLAGE OF OSSINING

POLICE DEPARTMENT officers. There is no appropriate avenue for the protection of the class members' constitutional rights other than a class action.

45. The class members share a number of questions of law and fact in common, including, but not limited to, unconstitutional searches and seizures of their businesses, which are being done without the reasonable articulation suspicion required under the Fourth Amendment, with the intent and purpose causing them to cease operations for the evening and causing its patrons to exit the premises and not return, violating their First Amendment right to assemble.

46. In addition, this pattern and practice of unconstitutional searches and seizures by VILLAGE OF OSSINING POLICE DEPARTMENT officers, have used, and continue to use, race and/or national origin, not reasonable suspicion, as the determinative factors in deciding to search and seize the individual Plaintiff's and their business establishments in violation of the Equal Protection Clause of the Fourteenth Amendment. The victims of such racial and/or national origin are principally Latino, Central American and/or Hispanic.

47. The named Plaintiffs' claims are typical of those of the class. Like the other members of the class, the named Plaintiffs have been and likely will again be victims of the VILLAGE OF OSSINING POLICE DEPARTMENT's policy, practice and/or custom of unreasonable searches and seizure in that the they have been and likely will continue to have their businesses entered, searched and seized without the reasonable articulable suspicion of criminal activity required under the Fourth Amendment and on the basis of their race and/or national origin.

48.     The legal theories under which the named Plaintiffs seek declaratory and injunctive relief are the same or similar to those on which all members of the class will rely, and the harms suffered by the named Plaintiffs are typical of the harms suffered by the class members.

49.     The named Plaintiffs have a strong personal interest in the outcome of this action, have no conflicts of interest with members of the Plaintiff class, and will fairly and adequately protect the interests of the class.  The named Plaintiffs are all individuals of Latino and/of Hispanic origin who own and operate businesses within the Town/Village of Ossining.  As long as the VILLAGE OF OSSINING POLICE DEPARTMENT engages in its policy, practice and/or custom of suspicionless searches and seizures, with the support of the Town and/or Village Board, the named Plaintiffs are, and will remain, at high risk of being illegally searched again by VILLAGE OF OSSINING POLICE DEPARTMENT.  The named Plaintiffs are seeking compensatory and punitive damage only on an individual basis.

50.     The named Plaintiffs are represented by Marcote & Associates, PC.  Counsel for the Plaintiffs know of no conflicts among members of the class or between the attorneys and members of the class.

51.     The Plaintiff class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted on grounds generally applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

### STATEMENT OF FACTS

17

### A. Plaintiff(s), DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR and CARLOS DIAZ

52.     Plaintiff, DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND
        RESTAURANT, has operated a restaurant/bar in the respondent, VILLAGE OF
        OSSINING, since April of 2014.

53.     That beginning on or about August of 2022, the plaintiff, DIAZ RESTAURANT,
        INC. d/b/a ATLANTIC BAR, was operating in a legal manner pursuant to rules and
        regulations of the operation of a restaurant/bar within the Village of Ossining, State
        of New York, County of Westchester.  Its hours of operation are 6:00 p.m. until 4:00
        a.m..

54.     As the different nights progressed this Plaintiff was raided without probable cause
        and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN
        DONOHUE and JOHN DOE 1 through JOHN DOE 10.  These Defendant(s) cause
        this Plaintiff to cease operations for the evening and causing its patrons to exit the
        premises and not return.

55.     Furthermore, these Defendant(s) used the pre-textual reason for the unwarranted
        search as a request from defendant NEW YORK STATE LIQUOR AUTHORITY
        to do a License & Records Check, when in fact no such request was made by the
        New York State Liquor Authority.

56.     The Defendant(s) true reason for the unwarranted search of the this Plaintiff was to
        harass the Plaintiff and its principal based upon the fact that he is of '***Central
        American'*** decent and the establishment caterers to the '***Central American'*** and
        '***Latin American'*** population of the defendant, THE VILLAGE OF OSSINING, and

surrounding area.

57.    Upon information and belief the defendant, THE VILLAGE OF OSSINING, wants

to gentrify and the gentrification of the area in around the location of this Plaintiff

and the other Plaintiff(s) in this matter.

58.    Furthermore, the Defendant(s) continued this unwarranted harassment with numerous

pre-textual and unwarranted searches alleged at the request of the New York State

Liquor Authority to do a License & Records Check, when in fact no such request

ever was made by the  New York State Liquor Authority.

59.    Upon information and belief these searches and or purported premises checks began

on or about August of 2022 and are continuing until present day.  Most specifically,

from October 31, 2022 until January 1, 2024, the Defendant(s) conducted a total of

**173**+ of these so-called premises checks, with an average of 2-3 per-night and up to

4 in one night. [January 22, 2022 (4)]. Furthermore, these numerous premises checks

occurred on October 29, 2022, November 4, 2022, November 5, 2022, November 6,

2022, November 11, 2022, November 12, 2022, November 13, 2022, November 19,

2022, November 20, 2022, December 2, 2022, December 5, 2022, December 7, 2022

and every Thursday, Friday, Saturday for the calendar year 2023 and still continuing

as of the date of this 'Complaint'.

60.    Furthermore,  pursuant to Village Code plaintiff DIAZ RESTAURANT, INC. d/b/a

ATLANTIC BAR AND RESTAURANT has possessed 'Refreshment License' and

'Amusement (Coin) License '.   Said licenses are required to operate an eating and

drinking establishment in the respondent, VILLAGE OF OSSINING, and said

licensees are yearly and expire each December 31 of the calendar year and must be '*renewed*' by the submission of a 'Village of Ossining, 2024 Combined License Application - Renewal (Permits Expires 12/31/24)'.

61.    On November 9, 2023, Plaintiff DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT submitted said 'Village of Ossining, 2024 Combined License Application - Renewal (Permits Expires 12/31/24)' to Defendant, SUSANNE DONNELLY, as Clerk and  licensing officer of Defendant, VILLAGE OF OSSINING.

62.    The 'Village of Ossining, 2024 Combined License Application - Renewal (Permits Expires 12/31/24)' is submitted to several different departments within the respondent, VILLAGE OF OSSINING' and they complete several different sections and then the completed application is returned to the Respondent's Licensing Officer.

63.    In the section completed by Ossining Police Captain Brendan Donohue (Acting Chief of Police) he states in the Petitioner's completed 2024 Combined License Application the following:

> **"3. Comments: This location is an SLA focal point, monopolizing more police resources than other comparable locations. This establishment has referred to New York State Liquor Authority (including for underage sale) and Dept of Health (for hookah smoking) numerous times and has multiple outstanding cases pending before the SLA. This**"

64.    Then on January 1, 2024 at or about 8:00 p.m. Defendant JOHN DOE's of DEFENDANT OSSINING POLICE DEPARTMENT appeared at the Plaintiff DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT premises and

informed Plaintiff, CARLOS ESPINAL-DIAZ, that the Petitioner's 'Refreshment License' and 'Amusement (Coin) License ' renewals were denied and Plaintiff DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT was to close and could no longer operate within the Defendant VILLAGE OF OSSINING.

65.  On January 2, 2024 at approximately 2:05 p.m., Plaintiff DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT and received a letter from the respondent, SUSANNE DONNELLY, denying said renewals.

66.  Pursuant to Defendant SUSANNE DONNELLY's, letter denying said licenses, Defendant SUSANNE DONNELLY relied upon Defendant CAPTAIN BRENDAN DONAHUE'S statements in reaching her determination.

67.  Defendant BRENDAN DONAHUE made the same allegations regarding Plaintiff's EL MANABITA SPORTS RESTAURANT, INC. regarding the allegations of increased police activity at that location.

68.  Furthermore, testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ at hearings related to the NYSLA proceedings, demonstrates that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ and JOHN DOE Defendants to Plaintiff DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT under the guise of conducting SLA inspections, every Friday and Saturday night, when in fact there was no legitimate purpose.

69.  That letter denying the renewal of the above mentioned refreshment and amusement

licenses without a hearing on the issues, was a violation of Plaintiff's DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR AND RESTAURANT and CARLOS ESPINAL-DIAZ'S 'due process' rights and based upon criminal charges that have yet to be adjudicated in the Courts and on occupancy issues which have been determined by a Court as no violation of any rule, regulation, statute, code and/or law of the State of New York and/or the respondent, VILLAGE OF OSSINING .

70.     The above denied '*renewal*' licenses are necessary for the Petitioner to operate a restaurant/bar locate at 84 Croton Avenue, Ossining, New York 10562.

71.     Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred the plaintiff, DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR, to the New York State Liquor Authority to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to Defendant NEW YORK STATE LIQUOR AUTHORITY, the NYSLA has initiated proceedings to revoke the Plaintiff(s) liquor license.

**B. Plaintiff(s), SIRENITA LOUNGE, INC. and AMAURIS COLLADO MARTINEZ**

72.     That beginning on or about October 7, 2022, the plaintiff, SIRENITA LOUNGE, INC., was operating in a legal manner pursuant to rules and regulations of the operation of a restaurant/bar within the Village of Ossining, State of New York, County of Westchester.  Its hours of operation are 6:00 p.m. until 4:00 a.m..

73.     As the night progressed this Plaintiff was raided without probable cause and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10.  These Defendant(s) cause

this Plaintiff to cease operations for the evening and causing its patrons to exit the premises and not return.

74.  Furthermore, these Defendant(s) used the pretextual reason for the unwarranted search as a request from the New York State Liquor Authority to do a License & Records Check, when in fact no such request was made by the  New York State Liquor Authority.

75.  The Defendant(s) true reason for the unwarranted search of the this Plaintiff was to harass the Plaintiff and its principal based upon the fact that he is of '***Central American'*** decent and the establishment caterers to the '***Central American'*** and ***'Latin American'*** population of the defendant, THE VILLAGE OF OSSINING, and surrounding area.

76.  Upon information and belief the defendant, THE VILLAGE OF OSSINING, wants to gentrify and the gentrification of the area in around the location of this Plaintiff and the other Plaintiff(s) in this matter.

77.  Furthermore, the Defendant(s) continued this unwarranted harassment with numerous pretextual and unwarranted searches alleged at the request of the New York State Liquor Authority to do a License & Records Check, when in fact no such request ever was made by the  New York State Liquor Authority.

78.  Upon information and belief these searches and or purported premises checks began on or about October of 2020 and are continuing until present day.  Most specifically, from October 31, 2020 until October 23, 2022, the Defendant(s) conducted a total of **206** of these so-called premises checks, with an average of 2-3 per-night and up to

4 in one night. [November 14, 2021 (4)]. Furthermore, these numerous premises checks occurred on October 23, 2022, October 29, 2022, November 4, 2022, November 5, 2022, November 6, 2022, November 11, 2022, November 12, 2022, November 13, 2022, November 19, 2022, November 21, 2022, December 2, 2022, December 5, 2022, December 7, 2022, and every Thursday, Friday, Saturday for the calendar year 2023 and still continuing as of the date of this 'Complaint'.

79.    Additionally, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred the plaintiff, SIRENITA LOUNGE, INC., to the New York State Liquor Authority to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to New York State Liquor Authority, the NYSLA has initiated proceedings to revoke the Plaintiff(s) liquor license.

80.    Furthermore, testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ  at hearings related to the NYSLA proceedings, demonstrates that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ and JOHN DOE Defendants to Plaintiff   SIRENITA LOUNGE, INC. under the guise of conducting SLA inspections, every Friday and Saturday night, when in fact there was no legitimate purpose.

81.    On November 9, 2023, Plaintiff SIRENITA LOUNGE, INC. submitted said 'Village of Ossining, 2024 Combined License Application - Renewal (Permits Expires 12/31/24)' to Defendant, SUSANNE DONNELLY, as Clerk and  licensing officer

of Defendant, VILLAGE OF OSSINING.

82.     The 'Village of Ossining, 2024 Combined License Application - Renewal (Permits Expires 12/31/24)' is submitted to several different departments within the respondent, VILLAGE OF OSSINING' and they complete several different sections and then the completed application is returned to the Respondent's Licensing Officer.

83.     In the section completed by Ossining Police Captain Brendan Donohue (Acting Chief of Police) he states in the Petitioner's completed 2024 Combined License Application the following:

    **""3. Comments: This location is an SLA focal point, monopolizing more police resources than other comparable locations. This establishment has referred to New York State Liquor Authority (including for underage sale) and Dept of Health (for hookah smoking) numerous times and has multiple outstanding cases pending before the SLA. This**"

84.     Then on January 1, 2024 at or about 8:00 p.m. Defendant JOHN DOE's of DEFENDANT OSSINING POLICE DEPARTMENT appeared at the Plaintiff SIRENITA LOUNGE, INC premises and informed Plaintiff, AMAURIS COLLADO MARTINEZ, that the Petitioner's 'Refreshment License' and 'Amusement (Coin) License' renewals were denied and Plaintiff SIRENITA LOUNGE, INC was to close and could no longer operate within the Defendant VILLAGE OF OSSINING.

85.     On January 2, 2024 at approximately 1:05 p.m., Plaintiff SIRENITA LOUNGE, INC and received a letter from the respondent, SUSANNE DONNELLY, denying said renewals.

86. Pursuant to Defendant SUSANNE DONNELLY's, letter denying said licenses, Defendant SUSANNE DONNELLY relied upon Defendant CAPTAIN BRENDAN DONAHUE'S statements in reaching her determination.

87. Defendant BRENDAN DONAHUE made the same allegations regarding Plaintiff's EL MANABITA SPORTS RESTAURANT, INC. regarding the allegations of increased police activity at that location.

88. Furthermore, testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ at hearings related to the NYSLA proceedings, demonstrates that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ and JOHN DOE Defendants to Plaintiff, SIRENITA LOUNGE, INC, under the guise of conducting SLA inspections, every Friday and Saturday night, when in fact there was no legitimate purpose.

89. That letter denying the renewal of the above mentioned refreshment and amusement licenses without a hearing on the issues, was a violation of Plaintiff's SIRENITA LOUNGE, INC and AMAURIS COLLADO MARTINEZ'S 'due process' rights and based upon criminal charges that have yet to be adjudicated in the Courts and on occupancy issues which have been determined by a Court as no violation of any rule, regulation, statute, code and/or law of the State of New York and/or the respondent, VILLAGE OF OSSINING .

90. The above denied '*renewal*' licenses are necessary for the Petitioner to operate a restaurant/bar locate at 12 Croton Avenue, Ossining, New York 10562.

91.    Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred the plaintiff, SIRENITA LOUNGE, INC, to the New York State Liquor Authority to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to Defendant NEW YORK STATE LIQUOR AUTHORITY, the NYSLA has initiated proceedings to revoke the Plaintiff(s) liquor license.

### C. Plaintiff(s), EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA, and ARACELIS GONZALEZ

92.    That beginning on or about October 7, 2022, the plaintiff, EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA, was operating in a legal manner pursuant to rules and regulations of the operation of a restaurant/bar within the Village of Ossining, State of New York, County of Westchester.  Its hours of operation are 6:00 p.m. until 4:00 a.m..

93.    As the night progressed this Plaintiff was raided without probable cause and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10.  These Defendant(s) cause this Plaintiff to cease operations for the evening and causing its patrons to exit the premises and not return.

94.    Furthermore, these Defendant(s) used the pretextual reason for the unwarranted search as a request from the New York State Liquor Authority to do a License & Records Check, when in fact no such request was made by the  New York State Liquor Authority.

27

95.    The Defendant(s) true reason for the unwarranted search of the this Plaintiff was to harass the Plaintiff and its principal based upon the fact that he is of '***Central American***' decent and the establishment caterers to the '***Central American***' and '***Latin American***' population of the defendant, THE VILLAGE OF OSSINING, and surrounding area.

96.    Upon information and belief the defendant, THE VILLAGE OF OSSINING, wants to gentrify and the gentrification of the area in around the location of this Plaintiff and the other Plaintiff(s) in this matter.

97.    Furthermore, the Defendant(s) continued this unwarranted harassment with numerous pretextual and unwarranted searches alleged at the request of the New York State Liquor Authority to do a License & Records Check, when in fact no such request ever was made by the  New York State Liquor Authority.

98.    Upon information and belief these searches happened on or about the following dates: October 23, 2022, October 29, 2022, November 4, 2022, November 5, 2022, November 6, 2022, November 11, 2022, November 12, 2022, November 13, 2022, November 19, 2022, November 21, 2022, December 2, 2022, December 5, 2022, December 7, 2022 and every Thursday, Friday, Saturday for the calendar year 2023 and still continuing as of the date of this 'Complaint'.

99.    Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred the plaintiff,  EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA, to the New York State Liquor Authority to have its liquor license revoke and in fact based upon the false and

misleading information provided by the Defendant(s) to New York State Liquor Authority, the NYSLA has initiated proceedings to revoke the Plaintiff(s) liquor license.

100.  Defendant CAPTAIN BRENDAN DONOHUE also provided information to Defendant SUSANNE DONNELLY in plaintiff's application for the 2024 Combined License Application-Renewal for the non-party, EL MANABITA SPORTS RESTAURANT, INC.:

> **3. Comments: This location is an SLA focal point, drawing more police resources than comparable businesses. This location has been the scene of numerous local and SLA violations, including noise complaints, disturbances, altercation and assaults. It also has pending SLA charges.**"

101.  Testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ at hearings related to the NYSLA proceedings, demonstrates that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ and JOHN DOE Defendants to Plaintiff EL MANABITA SPORTS RESTAURANT, INC under the guise of conducting SLA inspections, every Friday and Saturday night, when in fact there was no legitimate purpose.

### D. Plaintiff(s), LA ISLA DEL TESORO BAR RESTAURANT, INC. and LAURA M. ALVARRACIN

102.  That beginning on or about October 7, 2022, the plaintiff, LA ISLA DEL TESORO BAR RESTAURANT, INC., was operating in a legal manner pursuant to rules and regulations of the operation of a restaurant/bar within the Village of Ossining, State of New York, County of Westchester. Its hours of operation are 6:00 p.m. until 4:00

a.m..

103.  As the night progressed this Plaintiff was raided without probable cause and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10.  These Defendant(s) cause this Plaintiff to cease operations for the evening and causing its patrons to exit the premises and not return.

104.  Furthermore, these Defendant(s) used the pretextual reason for the unwarranted search as a request from the New York State Liquor Authority to do a License & Records Check, when in fact no such request was made by the  New York State Liquor Authority.

105.  The Defendant(s) true reason for the unwarranted search of the this Plaintiff was to harass the Plaintiff and its principal based upon the fact that he is of '***Central American'*** decent and the establishment caterers to the '***Central American'*** and '***Latin American'*** population of the defendant, THE VILLAGE OF OSSINING, and surrounding area.

106.  Upon information and belief the defendant, THE VILLAGE OF OSSINING, wants to gentrify and the gentrification of the area in around the location of this Plaintiff and the other Plaintiff(s) in this matter.

107.  Furthermore, the Defendant(s) continued this unwarranted harassment with numerous pretextual and unwarranted searches alleged at the request of the New York State Liquor Authority to do a License & Records Check, when in fact no such request ever was made by the  New York State Liquor Authority.

108.    Upon information and belief these searches happened on or about the following

dates: October 23, 2022, October 29, 2022, November 4, 2022, November 5, 2022,

November 6, 2022, November 11, 2022, November 12, 2022, November 13, 2022,

November 19, 2022, November 21, 2022, December 2, 2022, December 5, 2022,

December 7, 2022 and every Thursday, Friday, Saturday for the calendar year 2023

and still continuing as of the date of this 'Complaint'.

109.    Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the

rights and business, they have referred the plaintiff, LA ISLA DEL TESORO BAR

RESTAURANT, INC., to the New York State Liquor Authority to have its liquor

license revoke and in fact based upon the false and misleading information provided

by the Defendant(s) to New York State Liquor Authority, the NYSLA has initiated

proceedings to revoke the Plaintiff(s) liquor license.

110.    Testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT

JARETH CHAVEZ  at hearings related to the NYSLA proceedings, demonstrates

that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants

DETECTIVE ADDISON CHAVEZ and LA ISLA DEL TESORO BAR

RESTAURANT, INC under the guise of conducting SLA inspections, every Friday

and Saturday night, when in fact there was no legitimate purpose.

111.    Then on or about December 12, 2023, Plaintiff LA ISLA DEL TESORO BAR

RESTAURANT, INC., submitted said 'Village of Ossining, 2024 Combined License

Application - Renewal (Permits Expires 12/31/24)' to Defendant, SUSANNE

DONNELLY, as Clerk and  licensing officer of Defendant, VILLAGE OF

OSSINING.

112.    The 'Village of Ossining, 2024 Combined License Application - Renewal (Permits

Expires 12/31/24)' is submitted to several different departments within the

respondent, VILLAGE OF OSSINING' and they complete several different sections

and then the completed application is returned to the Respondent's Licensing Officer.

113.    In the section completed by Ossining Police Captain Brendan Donohue (Acting Chief

of Police) he states in the Petitioner's completed 2024 Combined License

Application the following:

> ""**3. Comments: This location is an SLA focal point, monopolizing more police resources than other comparable locations. This establishment has referred to New York State Liquor Authority (including for underage sale) and Dept of Health (for hookah smoking) numerous times and has multiple outstanding cases pending before the SLA. This**"

114.    Then on January 1, 2024 at or about 1:30 a.m. Defendant JOHN DOE's of

DEFENDANT OSSINING POLICE DEPARTMENT appeared at the Plaintiff  LA

ISLA DEL TESORO BAR RESTAURANT, INC. premises and informed Plaintiff,

LAURA M. ALVARRACIN, that the Petitioner's 'Refreshment License' and

'Amusement (Coin) License ' renewals were denied and Plaintiff LA ISLA DEL

TESORO BAR RESTAURANT, INC. was to close and could no longer operate

within the Defendant  VILLAGE OF OSSINING.

115.    On  January 2, 2024 at approximately 1:05 p.m., Plaintiff LA ISLA DEL TESORO

BAR RESTAURANT, INC. and received a letter from the respondent, SUSANNE

DONNELLY, denying said renewals.

116.   Pursuant to Defendant SUSANNE DONNELLY's, letter denying said licenses, Defendant SUSANNE DONNELLY relied upon Defendant CAPTAIN BRENDAN DONAHUE'S statements in reaching her determination.

117.   Defendant BRENDAN DONAHUE made the same allegations regarding Plaintiff's EL MANABITA SPORTS RESTAURANT, INC. regarding the allegations of increased police activity at that location.

118.   Furthermore, testimony received from DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ  at hearings related to the NYSLA proceedings, demonstrates that Defendant CAPTAIN BRENDAN DONOHUE directed Defendants DETECTIVE ADDISON CHAVEZ and SERGEANT JARETH CHAVEZ and JOHN DOE Defendants to Plaintiff,  LA ISLA DEL TESORO BAR RESTAURANT, INC. , under the guise of conducting SLA inspections, every Friday and Saturday night, when in fact there was no legitimate purpose.

119.   That letter denying the renewal of the above mentioned refreshment and amusement licenses without a hearing on the issues, was a violation of Plaintiff's LA ISLA DEL TESORO BAR RESTAURANT, INC. and LAURA M. ALVARRACIN'S 'due process' rights and based upon criminal charges that have yet to be adjudicated in the Courts and on occupancy issues which have been determined by a Court as no violation of any rule, regulation, statute, code and/or law of the State of New York and/or the respondent, VILLAGE OF OSSINING .

120.   The above denied '*renewal*' licenses are necessary for the Petitioner to operate a restaurant/bar locate at 180 Main Street, Ossining, New York 10562.

121.   Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred the plaintiff, LA ISLA DEL TESORO BAR RESTAURANT, INC., to the New York State Liquor Authority to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to Defendant NEW YORK STATE LIQUOR AUTHORITY, the NYSLA has initiated proceedings to revoke the Plaintiff(s) liquor license.

### E. Plaintiff(s) 'NOTICE OF CLAIMS'

122.   That on or about November 20, 2022, plaintiff(s), DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR and CARLOS DIAZ, served a 'Notice of Claim' on the Village Clerk, Mayor's Office and Corporation Counsel of the defendant, THE VILLAGE OF OSSINING.

123.   That a General Municipal Law §50-h hearing of plaintiff(s), DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR and CARLOS DIAZ,   was not held by  THE VILLAGE OF OSSINING.

124.   That on or about November 20, 2022, plaintiff(s), SIRENITA LOUNGE, INC. and AMAURIS COLLADO MARTINEZ, served a 'Notice of Claim' on the Village Clerk, Mayor's Office and Corporation Counsel of the defendant, THE VILLAGE OF OSSINING.

125.   That a General Municipal Law §50-h hearing of plaintiff(s), SIRENITA LOUNGE, INC. and AMAURIS COLLADO MARTINEZ,   was not held by  THE VILLAGE OF OSSINING.

126.   That on or about November 21, 2022, plaintiff(s), EL MANABITA SPORTS

RESTAURANT, INC. d/b/a EL MANABITA, and ARACELIS GONZALEZ, served

a 'Notice of Claim' on the Village Clerk, Mayor's Office and Corporation Counsel

of the defendant, THE VILLAGE OF OSSINING.

127. That a General Municipal Law §50-h hearing of plaintiff(s), EL MANABITA

SPORTS RESTAURANT, INC. d/b/a EL MANABITA, and ARACELIS

GONZALEZ, was not held by THE VILLAGE OF OSSINING.

**COUNT I**

**Claims of Named Plaintiffs Pursuant to 42 U.S.C. §1983 for Violation of Equal Protections Clause**

128. Plaintiff(s) incorporate by reference the allegations set forth in all preceding

paragraphs numbered one (1) through one-hundred twenty-seven (127) as if fully set

forth herein.

129. The THE VILLAGE OF OSSINING, TOWN OF OSSINING, VILLAGE OF

OSSINING POLICE DEPARTMENT, CHIEF OF POLICE KEVIN SYLVESTER,

CAPTAIN BRENDAN DONOHUE and JOHN DOES 1 -10, STUART KAHAN,

ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL

QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH

FELDMAN, JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO

MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the

Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as

CLERK and KAREN D'ATTORE in her capacity as VILLAGE MANAGER, have

implemented and enforced a policy, practice and/or custom of targeting the named

Plaintiff's and their businesses and searching and effectively seizing them based solely on their race and/or national origin.  As a result, the VILLAGE OF OSSINING and the VILLAGE OF OSSINING POLICE DEPARTMENT'S policy, practice and/or custom violates the Equal Protection Clause of the Fourteenth Amendment. The VILLAGE OF OSSINING POLICE DEPARTMENT'S constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged by the VILLAGE OF OSSINING, TOWN OF OSSINING, CHIEF OF POLICE KEVIN SYLVESTER, BRENDAN DONOHUE and JOHN DOES 1 -10, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN, JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE  in her capacity as VILLAGE MANAGER,  including (a) failing to properly screen, train and supervise VILLAGE OF OSSINING POLICE DEPARTMENT Officers, (b) inadequately monitoring VILLAGE OF OSSINING POLICE DEPARTMENT Officers and their restaurant and bar search practices, ( c) failing to sufficiently discipline VILLAGE OF OSSINING POLICE DEPARTMENT Officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the VILLAGE OF OSSINING POLICE DEPARTMENT'S use of racial and/or national origin in conducting business searches.

36

130.    Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment rights of the named Plaintiffs.  As a direct and proximate result of the aforesaid acts and omissions of the Defendants and each of them, the Fourteenth Amendment rights of the named Plaintiffs have been violated.  By their acts and omissions, Defendants have acted under color of state law to deprive the named Plaintiffs of their Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

131.    Due to the VILLAGE OF OSSINING POLICE DEPARTMENT targeting Latin and/or Central American persons and businesses in the Village of Ossining, a real and immediate threat exists that the Fourteenth Amendment rights of the named Plaintiffs will be violated by VILLAGE OF OSSINING POLCE DEPARTMENT Officers in the future.  Moreover, because Defendant's policies, practices and/or customs subject the named Plaintiffs to repeated searches and seizures without any reasonable, articulable suspicion of criminality, and on the basis of race and/or national origin, the named Plaintiffs cannot alter their behavior to avoid future violations of their constitutional and civil rights at the hands of the VILLAGE OF OSSINING POLICE DEPARTMENT.

132.    The named Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing the VILLAGE OF OSSINING POLICE DEPARTMENT'S policy, practice and/or custom of unconstitutional race and/or national origin based searches and seizures, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## COUNT II

**'Civil Rights' in violation of Title VII of the Civil Rights Act of 1964, based upon the National Origin of the Plaintiff(s)**

133.   Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred thirty-two (132)  as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

132.   That the Defendant(s) raided without probable cause and or legitimate grounds and searched the Plaintiff(s) premises.  These Defendant(s) cause this Plaintiff to cease operations for the evening and causing its patrons to exit the premises and not return.

133.   The Defendant(s) used the pre-textual reason for the unwarranted search an alleged request from the New York State Liquor Authority to do a License & Records Check, when in fact no such request was made by the  New York State Liquor Authority.

134.   Defendant(s) continued this unwarranted harassment with numerous pre-textual and unwarranted searches at the alleged request of the New York State Liquor Authority to do a License & Records Check, when in fact no such request ever was made by the New York State Liquor Authority.

134.   Defendant(s) true reason for the unwarranted search of the this Plaintiff(s) were to harass the Plaintiff(s) and their principals based upon the fact that they are of '***Central American***' decent and the establishment caterers to the '***Central American***' and ***'Latin American'*** population of the defendant, THE VILLAGE OF OSSINING, and surrounding area.

135.   Discrimination based on race in the law enforcement activities and conduct herein are prohibited under 42 U.S.C. §2000(d), *et seq.*  The acts and conduct complained of herein by the Defendants were motivated by racial animus, and were intended to discriminate on the basis of race and/or had a disparate impact on minorities, particularly Central American and/or Latinos.

136.   By reason of Defendant(s)' acts and omissions, the Defendant(s), acting under color of state law, disregarded all of the Plaintiff(s) 'Civil Right' under Title VII of the 1964 Civil Rights Act.

137.   By reason of the foregoing, Plaintiff(s) have suffered physical injuries, mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to their personal and professional reputations. All of these injuries continue to accrue and may be permanent.

138.   Since the beginning of the Defendant(s) conduct the Plaintiff(s) have been unable to conduct business is any meaning full manner and have suffered and are still suffering irreparable harm and injury.

**COUNT III**

**DEFENDANT(S) CONDUCT VIOLATE PLAINTIFF(S)' RIGHTS UNDER THE FIRST AMENDMENT TO UNITED STATES CONSTITUTION**

139.   Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred thirty-eight (138)  as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

140.    The First Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, prohibits the State of New York from abridging Plaintiff(s)' rights to Free Speech, Freedom of Religion and to peaceably assemble.

141.    Plaintiff(s) business which includes the serving of food, the licensed sale of alcohol and entertainment which espouses '***Central American'*** and ***'Latin American'*** lifestyle. A lifestyle that may not be mainstream and favored by some including the defendant, THE VILLAGE OF OSSINING and/or TOWN OF OSSINING.  While other restaurant/bar businesses with **non-Central American/Latin American** principals and a **non-Central American/Latin American clientele**  and other **non-Central American/Latin American** commercial retailers are allowed to be open and unmolested by the Defendant(s), Plaintiff(s)' businesses has constructively been shut down.

142.    It is submitted that the Plaintiff(s)' **Central American/Latin American** customers assemble among other reasons to converse, discuss, share ideas, hopes and dreams in an environment that is usually lighthearted.

143.    The actions of all the Defendant(s) on their face and as applied, target Plaintiff(s)' right to exercise their First Amendment rights and conduct business.

144.    The actions of all the Defendant(s) on their face and as applied, place the Plaintiff(s)' and their employees in an irresolvable conflict between compliance with the requested unwarranted searches or exercising their sincerely held First Amendment rights.

145.    The actions of the Defendant(s) on their face and as applied, are neither neutral nor

generally applicable, but rather specifically and discriminatorily target the First Amendment beliefs, speech, assembly and viewpoints of the **Central American/Latin American** Plaintiff(s), in violation of Plaintiff(s)' right to free expression and assembly under the First Amendment, enforceable through 42 U.S.C. § 1983.

146.    The actions of the Defendant(s) on their face and as applied, constitute a substantial burden on Plaintiff(s)' sincerely held First Amendments rights.

147.    The defendant, THE VILLAGE OF OSSINING, THE TOWN OF OSSINING and the defendant(s) CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN, JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE in her capacity as VILLAGE MANAGER, lack a compelling, legitimate and/or rational interest in the actions of the Defendant(s) application of different standards for different businesses than those applicable to **Central American/Latin American** businesses.

148.    The actions of the Defendant(s) on their face and as applied, specifically target **Central American/Latin American** Plaintiff(s)' sincerely held First Amendment rights and set up a system that permits other **non-Central American/Latin**

**American** similarly situated businesses or other **non-Central American/Latin American** entities to continue operations, while attempting to prohibit **Central American/Latin American** businesses such as the Plaintiff(s).

149.    The THE VILLAGE OF OSSINING, TOWN OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT, CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN BRENDAN DONOHUE and  JOHN DOES 1 -10, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE  in her capacity as VILLAGE MANAGER, have implemented and enforced a policy, practice and/or custom of targeting the named Plaintiff's and their businesses and searching and effectively seizing them based solely on their race and/or national origin.  As a result, the VILLAGE OF OSSINING and the VILLAGE OF OSSINING POLICE DEPARTMENT'S policy, practice and/or custom violates the Plaintiff(s)' right to free expression and assembly under the First Amendment.  The VILLAGE OF OSSINING POLICE DEPARTMENT'S constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged by the VILLAGE OF OSSINING, TOWN OF OSSINING,M CHIEF OF POLICE KEVIN SYLVESTER, BRENDAN DONOHUE and JOHN DOES 1 -10, STUART

KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE  in her capacity as VILLAGE MANAGER, including (a) failing to properly screen, train and supervise VILLAGE OF OSSINING POLICE DEPARTMENT Officers, (b) inadequately monitoring VILLAGE OF OSSINING POLICE DEPARTMENT Officers and their restaurant and bar search practices, ( c) failing to sufficiently discipline VILLAGE OF OSSINING POLICE DEPARTMENT Officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the VILLAGE OF OSSINING POLICE DEPARTMENT'S violating  right to free expression and assembly under the First Amendment based on national origin and/or race.

150.    The continued actions of the Defendant(s), have caused, are causing and will continue to cause Plaintiff(s) immediate and irreparable harm, and actual and undue hardship.

151.    That by reason of the foregoing, all Plaintiff(s) suffer and continues to suffer irreparable injury and monetary damages in excess of Two-Hundred thousand dollars ($200,000.00) each, plus attorney fees and costs.

**COUNT IV**

**THE DEFENDANT(S) ACTIONS AGAINST THE CENTRAL AMERICAN/LATIN**

**AMERICAN PLAINTIFF(S) IN VIOLATION OF THE UNITED STATES
CONSTITUTION THROUGH THE CIVIL RIGHTS ACT OF 1871, AS AMENDED,
CODIFIED AS 42 U.S.C. §§ 1981 AND 1983**

152.    Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred fifty-one (151) as if fully set forth herein. At all times, all defendants are considered state actors, acting under color of law.

**By the continued actions of all Defendant(s) towards all the Plaintiff(s)**

153.    That beginning on or about August 2022, the Plaintiff(s), were all operating **Central American/Latin American Restaurant/Bars** in a legal manner pursuant to rules and regulations of the operation of a restaurant/bar within the Village of Ossining, State of New York, County of Westchester. Their general hours of operation are 6:00 p.m. until 4:00 a.m..

154.    As the months progressed these Plaintiff(s) have been continually raided without probable cause and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10 and employees of the defendant, NEW STATE LIQUOR AUTHORITY. These Defendant(s) cause all the Plaintiff(s) to cease operations for the evenings of the raids/searches and causing its patrons to exit the premises and not return.

155.    Furthermore, these Defendant(s) used the pre-textual reasons for the unwarranted search as a request from the New York State Liquor Authority to do a License & Records Check, when in fact no such request was made by the New York State Liquor Authority.

156. The Defendant(s) true reason for the unwarranted search of all the Plaintiff(s) was to harass the Plaintiff(s) and its principals based upon the fact that they are of '***Central American***' decent and the establishment caterers to the '***Central American***' and '***Latin American***' population of the defendant, THE VILLAGE OF OSSINING and THE TOWN OF OSSINING, and surrounding area.

157. Upon information and belief the defendant, THE VILLAGE OF OSSINING and/or THE TOWN OF OSSINING, wants to gentrify and the gentrification of the area in around the location of this Plaintiff and the other Plaintiff(s) in this matter.

158. Furthermore, the Defendant(s) continued this unwarranted harassment with numerous pre-textual and unwarranted searches alleged at the request of the New York State Liquor Authority to do a License & Records Check, when in fact no such request ever was made by the defendant, NEW YORK STATE LIQUOR AUTHORITY.

159. Upon information and belief these searches have happened on or numerous dates and still continuing as of the date of this 'Complaint'.

160. Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the rights and business, they have referred all the Plaintiff(s) to the defendant, NEW YORK STATE LIQUOR AUTHORITY to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to the defendant, NEW YORK STATE LIQUOR AUTHORITY and this Defendant has initiated proceedings to revoke the Plaintiff(s) liquor license at the behest of the other Defendant(s).

161. The continued actions of all the Defendant(s), have caused, are causing and will

continue to cause Plaintiff(s) immediate and irreparable harm, and actual and undue hardship.

172.    That by reason of the foregoing, all Plaintiff(s) suffer and continues to suffer irreparable injury and monetary damages in excess of Two-Hundred thousand dollars ($200,000.00) each, plus attorney fees and costs.

### COUNT V

**THE DEFENDANT(S) ACTIONS AGAINST THE CENTRAL AMERICAN/LATIN AMERICAN PLAINTIFF(S) IN VIOLATION OF THE NEW YORK STATE CONSTITUTION NEW YORK STATE CIVIL RIGHTS LAW**

173.    Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one hundred seventy-two (172) as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

**By the continued actions of all Defendant(s) towards all the Plaintiff(s)**

174.    That beginning on or about August 2022, the Plaintiff(s), were all operating **Central American/Latin American Restaurant/Bars** in a legal manner pursuant to rules and regulations of the operation of a restaurant/bar within the Village of Ossining, State of New York, County of Westchester.  Their general hours of operation are 6:00 p.m. until 4:00 a.m..

175.    As the months progressed these Plaintiff(s) have been continually raided and harassed without probable cause and or legitimate grounds and searched by the defendant(s), CAPTAIN BRENDAN DONOHUE and JOHN DOE 1 through JOHN DOE 10.  These Defendant(s) cause all the Plaintiff(s) to cease operations for the

evenings of the raids/searches and causing its patrons to exit the premises and not return.

176. Furthermore, these Defendant(s) used the pre-textual reasons for the unwarranted search as a request from the defendant, NEW YORK STATE LIQUOR AUTHORITY to do a License & Records Check, when in fact no such request was made by the New York State Liquor Authority.

177. The Defendant(s) true reason for the unwarranted search of all the Plaintiff(s) was to harass the Plaintiff(s) and its principals based upon the fact that they are of '**Central American'** decent and the establishment caterers to the '**Central American'** and **'Latin American'** population of the defendant, THE VILLAGE OF OSSINING and/or THE TOWN OF OSSINING and surrounding area.

178. Upon information and belief the defendant, THE VILLAGE OF OSSINING and/or THE TOWN OF OSSINING, wants to gentrify and the gentrification of the area in around the location of this Plaintiff and the other Plaintiff(s) in this matter.

179. Furthermore, the Defendant(s) continued this unwarranted harassment with numerous pre-textual and unwarranted searches alleged at the request of the defendant, NEW YORK STATE LIQUOR AUTHORITY to do a License & Records Check, when in fact no such request ever was made by the defendant, NEW YORK STATE LIQUOR AUTHORITY.

180. Upon information and belief these searches have happened on or numerous dates and still continuing as of the date of this 'Complaint'.

181. Furthermore, in the Defendant(s) efforts to further deprive the Plaintiff(s) of the

rights and business, they have referred all the Plaintiff(s) to the defendant, NEW YORK STATE LIQUOR AUTHORITY to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to the defendant, NEW YORK STATE LIQUOR AUTHORITY, this Defendant has initiated proceedings to revoke the Plaintiff(s) liquor license.

182.    The continued actions of the Defendant(s), have caused, are causing and will continue to cause Plaintiff(s) immediate and irreparable harm, and actual and undue hardship.

183.    That by reason of the foregoing, all Plaintiff(s) suffer and continues to suffer irreparable injury and monetary damages in excess of Two-Hundred thousand dollars ($200,000.00) each, plus attorney fees and costs.

## COUNT VI

## CONSPIRACY- PURSUANT TO §1985

184.    Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred eight-three (183) as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

185.    Defendant(s) conspired with each other and reached an agreement, express and/or tacit, to achieve an unlawful end against all Plaintiff(s) based on the Plaintiff(s) race and/or national origin, and by carrying out overt acts and/or intentional omissions in furtherance of that goal, including unauthorized searches and seizures of Plaintiff(s) businesses, violating their First Amendment Rights to freedom of assembly and they

have referred all the Plaintiff(s) to the defendant, NEW YORK STATE LIQUOR AUTHORITY to have its liquor license revoke and in fact based upon the false and misleading information provided by the Defendant(s) to New York State Liquor Authority, the defendant, NEW YORK STATE LIQUOR AUTHORITY has initiated proceedings to revoke the Plaintiff(s) liquor license, causing all Plaintiff(s) damages.

186.    These overt acts are described herein and incorporated by reference.  Defendant(s) worked together, committing overt acts in furtherance of the conspiracy to deprive all Plaintiff(s) of their Constitutional Rights, of the equal protection of the laws, and/or the equal privileges and immunities under the laws.

187.    The continued actions of the Defendant(s), have caused, are causing and will continue to cause Plaintiff(s) immediate and irreparable harm, and actual and undue hardship.

188.    That by reason of the foregoing, all Plaintiff(s) suffer and continues to suffer irreparable injury and monetary damages in excess of Two-Hundred thousand dollars ($200,000.00) each, plus attorney fees and costs.

## COUNT VII

**FAILURE TO SUPERVISE, INVESTIGATE AND DISCIPLINE
(ACTIONABLE UNDER 42 U.S.C. §1983)**

189.    Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred eighty-eight (188)  as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

190.    The aforementioned violations of all of the named Plaintiff(s)' Federal Constitutional Rights by the all the Defendant(s) occurred as a result of the failure of Defendant(s), THE VILLAGE OF OSSINING, TOWN OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and CHIEF OF POLICE KEVIN SYLVESTER, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE in her capacity as VILLAGE MANAGER, failures to adequately supervise, investigate and discipline employee conduct.  Defendant(s) knew or should have known of the misdeeds of their employees which deprived persons, including all Plaintiff(s), of their Constitutional Rights as stated here, and had the opportunity to supervise, investigate and discipline the behavior.

191.    Defendant(s), THE VILLAGE OF OSSINING, TOWN OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and CHIEF OF POLICE KEVIN SYLVESTER, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN, JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE

DONNELLY, in her capacity as CLERK and KAREN D'ATTORE in her capacity as VILLAGE MANAGER, knew or should have known of the actions and violations being perpetuated upon all plaintiff(s) by their employees, and had a duty to prevent it as stated above.

192. These overt acts are described herein and incorporated by reference. Defendant(s) worked together, committing overt acts in furtherance of the conspiracy to deprive all Plaintiff(s) of their Constitutional Rights as further set forth herein.

193. The continued actions of the Defendant(s), have caused, are causing and will continue to cause Plaintiff(s) immediate and irreparable harm, and actual and undue hardship.

194. That by reason of the foregoing, all Plaintiff(s) suffer and continues to suffer irreparable injury and monetary damages in excess of Two-Hundred thousand dollars ($200,000.00) each, plus attorney fees and costs.

## COUNT VIII

## STATE LAW CLAIMS and STATE CAUSES OF ACTION

195. Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through one-hundred ninety-four (194) as if fully set forth herein. At all times, all defendants are considered state actors, acting under color of law.

196. Defendants violated Plaintiff's New York Constitutional Rights and committed New York state torts against them, as described by the facts herein.

197. Plaintiff complained of Defendant's misconduct in a timely filed Notice of Claim-

served upon the Village Clerk's Office and the Village Corporation Counsel's Office at 16 Croton Avenue, Ossining, New York, by certified mail according to state law requirements and within ninety days of the dismissal of the criminal charges against Plaintiff(s) which , as of this filing, defendants have not yet settled.

198.    Plaintiff(s) herein files their state law claims sounding in violation of right to privacy, negligence, and negligent supervision, as well as loss of consortium.

199.    Defendants unlawful actions, which were committed under color of state law, were done willfully, knowingly and with malice and with the specific intent to deprive Plaintiff(s) of their constitutional rights.

200.    As a direct and proximate result of defendants' unlawful conduct, Plaintiff(s) sustained damages.

## PUNITIVE DAMAGES ARE APPROPRIATE

### *(As To the Individual Defendants Only, Not Municipal Defendants)*

201.    Plaintiff(s) incorporate by reference the allegations set forth in all preceding paragraphs numbered one (1) through two-hundred (200) as if fully set forth herein. At all times, all defendants are considered state actors, acting under color of law.

202.    The acts of the individual all the individual Defendant(s) were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm all Plaintiff(s), without regard for any and all the Plaintiff(s)' well beings, and were based on a lack of concern and ill-will towards all Plaintiff(s).

## JURY DEMAND

203.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff(s)' request

a jury trial on all issues and claims set froth in the 'Complaint'.

**WHEREFORE**, Plaintiff(s) demand judgment in their favor, against Defendant(s) and seek the following relief:

1. Issuing a 'Temporary Restraining Order' enjoining the Defendant(s) conducting searches/raids without probable cause and/or legitimate grounds, as a violation of the Plaintiff(s)' fundamental rights under the First and Fourteenth Amendment of the United States Constitution;

2. Issue an order certifying this action as a class action pursuant to Ruled 23(a) and (b)(2) of the Federal Rules of Civil Procedure in the manner described above herein, with the named Plaintiffs as class representatives;

3. Issue a class-wide judgment declaring that the VILLAGE OF OSSINING POLICE DEPARTMENT's policy, practice and/or custom of conducting searches/raids without probable cause and/or legitimate grounds challenged herein is unconstitutional in that it violates the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, and that its implementation, enforcement and sanctioning by VILLAGE OF OSSINING POLICE OFFICERS is a direct and proximate cause of the following policies, practices and/or customs of THE VILLAGE OF OSSINING, TOWN OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and CHIEF OF POLICE KEVIN SYLVESTER, STUART KAHAN, ESQ., in his capacity as CORPORATION COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ, DANA WHITE, ELIZABETH FELDMAN,

JENNIFER FIELDS-TAWILL, GREGORY MEYER, ANGELO MANICCHIO, MATTHEW WEISS, in their capacity as Board Members of the Town and/or Village of Ossining, and SUSANNE DONNELLY, in her capacity as CLERK and KAREN D'ATTORE in her capacity as VILLAGE MANAGER:

(a)     failing to properly screen, train and supervise officers;

(b)     inadequately and/or failing to monitor the VILLAGE OF OSSINING POLICE DEPARTMENT Officers and their restaurant and bar search practices;

(c)     failing to sufficiently discipline VILLAGE OF OSSINING POLICE DEPARTMENT Officers who engage in constitutional abuses; and

(d)     encouraging, sanctioning and failing to rectify the VILLAGE OF OSSINING POLICE DEPARTMENT'S violating right to free expression and assembly under the First Amendment based on national origin and/or race.

4.     Issue a permanent injunction to prohibit Defendant(s) enjoining the Defendant(s) conducting searches/raids without probable cause and/or legitimate grounds;

5.     Compensatory damages adequate to justly compensate Plaintiff(s) for the regulatory taking of there physical location and tangible property;

6.     Compensatory damages adequate to satisfy Plaintiff(s) in the amount owed for Defendant(s) violation of the Due Process Clause of the Fourteenth Amendment to Unites States Constitution;

7.     Award Plantiffs damages agasint the individually named defendants to the extent that

54

their liability is based upon reprehensible actions and/or inaction undertakin in their individual capacities, in an amount which is fair, just and reasonably designed to punish and deter said reprehensible conduct, to be determined at trial;

8.    An award of reasonable attorney(s) fees under 42 U.S.C. § 1988;

9.    An award of all costs of the suit pursuant to 42 U.S.C.§§ 1920 and 1988; and

10.    Such other and further relief as this Court deems appropriate.

Dated: February 15, 2024
       Hicksville, New York

                                    MARCOTE & ASSOCIATES, P.C.

                                    *Louis F. Chisari*

                                    By: Louis F. Chisari, Esq.
                                    3960 Merrick Road
                                    Seaford, New York 11783
                                    File No.: MA24-0168
                                    Tel: (516) 280-2281
                                    Fax: (516) 280-2283
                                    E-Mail Address: LCHISARI@marcotelaw.com

# UNITED STATES DISTRICT COURT
## for the
# SOUTHERN DISTRICT OF NEW YORK

### INDEX NUMBER:

_____

_____

DIAZ RESTAURANT, INC. d/b/a ATLANTIC BAR, CARLOS DIAZ (individually),
SIRENITA LOUNGE, INC., AMAURIS COLLADO MARTINEZ (individually),
EL MANABITA SPORTS RESTAURANT, INC. d/b/a EL MANABITA, ARACELIS
GONZALEZ (individually), LA ISLA DEL TESORO BAR RESTAURANT, INC. and LAURA
M. ALVARRACIN (individually) *and on behalf of others similarly situated,*

-against-

THE VILLAGE OF OSSINING, THE TOWN OF OSSINING, VILLAGE OF OSSINING
POLICE DEPARTMENT,  CHIEF OF POLICE KEVIN SYLVESTER, CAPTAIN
BRENDAN DONOHUE and JOHN DOES 1 -10 (the name "John Doe" being fictitious, as the
true names are presently unknown), in their individual and in their official capacities as Village
of Ossining Police Officers, STUART KAHAN, ESQ., in his capacity as CORPORATION
COUNSEL, RIKA LEVN, MANUEL QUEZADA, ROBERT FRITSCHE, OMAR LOPEZ,
DANA WHITE, ELIZABETH FELDMAN,  JENNIFER FIELDS-TAWILL, GREGORY
MEYER, ANGELO MANICCHIO,  MATTHEW WEISS, in their capacity as Board Members of
the Town and/or Village of Ossining, SUSANNE DONNELLY, in her capacity as CLERK and
KAREN D'ATTORE in her capacity as VILLAGE MANGER.

_____

# 'COMPLAINT'

_____

### MARCOTE &ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Plaintiff(s):
3960 MERRICK ROAD, 2nd FLOOR
SEAFORD, NEW YORK 11783
PHONE:(516) 280-2281
FAX:  (516) 280-2283

_____

_____